JACOB G. BAHR, Respondent, *v.* BENJAMIN BOLEY, Appellant.

*Trespass on lands — proof of damages to the person or to personal property, proper.*

In an action to recover damages for trespass on lands the plaintiff can allege and prove all the injuries caused by the trespass, either to his person or to his personal property. In such a case the cause of action will be trespass and the injury to his person and personal property will not be an independent cause of action, but will constitute matter in aggravation of the damage.

APPEAL by the defendant, Benjamin Boley, from an order of the Supreme Court, granted at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 5th day of February, 1895, overruling the amended demurrer interposed by the defendant as frivolous and directing that plaintiff have judgment thereon for the relief demanded in the complaint.

*Louis Wertheimer,* for the appellant.

*J. Stewart Ross,* for the respondent.

CULLEN, J. :

This is an appeal from an order of the Special Term overruling the defendant's demurrer as frivolous.

The action is for a trespass on the plaintiff's land, ejecting him therefrom and the conversion of plaintiff's property. The complaint further related that " on the said day, after forcibly assaulting and ejecting plaintiff, the defendant maliciously and without cause caused the plaintiff to be arrested and taken through the public streets of the city of Brooklyn to a station house, in charge of a policeman in uniform, and from said station house to a police magistrate, who discharged him." The defendant demurred on the ground that several causes of action were improperly united. There is no doubt that in an action for trespass on lands the plaintiff could allege and prove all his injuries caused by the trespass either to his person or to his personal property. In such case the cause of action would be the trespass, and the injury to person and property will not be an independent cause of action. but aggravations of the damage. We think that the allegation of the complaint quoted is to be construed as alleging the continuation of a single trespass.

In this view there is but a single cause of action set forth in the complaint. It may be that the question presented by the demurrer was sufficiently debatable to have warranted the court in refusing the application, but as we believe the demurrer untenable it is not worth while to remit the parties to another hearing.

The order appealed from should be modified by granting the defendant leave to withdraw his demurrer and answer on payment of the motion costs, and, as modified, affirmed, without costs of appeal to either party.

BROWN, P. J., and DYKMAN, J., concurred.

Order modified by granting defendant leave to withdraw his demurrer and answer on payment of motion costs, and, as modified, affirmed, without costs of appeal.