## KLINE v. FLANNIGAN.

Third Division. Anchorage. February 14, 1927.

No. 525–A.

**I. Assault and Battery &#x262E;&#x21DD;22—False Imprisonment &#x262E;&#x21DD;19—Parties.**

The plaintiff sued the defendant for damages for false imprisonment and assault and battery, alleging that the defendant as a prohibition law enforcement officer arrested him without a warrant or probable cause, and at the time struck him and knocked off his glasses. *Held*, the torts alleged were outside the duties of the officer, and, if committed as alleged, were not official acts,

&#x262E;&#x21DD;See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7 A.R.—37

and defendant's superior officer is not a necessary party to the suit.

**2. Officers ⬅☞118—Negligence of Subordinates.**

It is well settled that a superior officer is not liable in a civil action for misconduct or negligence on the part of a subordinate, except when the superior is a party to the acts.

**3. Pleading ☞72—Construction—Prayer may be Resorted to.**

While it is true that the prayer is no part of the complaint, it can be resorted to, in order to make clear what might otherwise be obscure.

**4. Action ⬅☞48(2)—Pleadings—Two or More Causes of Action Arising out of Same Transaction.**

Two or more causes of action arising out of the same transaction may be united in the same complaint. Where an officer arrests a person without a warrant, and thereby commits a false imprisonment, and as a part of the same transaction strikes the person arrested, he may be sued in a civil action, in separate causes of action, in the same complaint, both for damages for false imprisonment and· for assault and battery.

**5. Action ☞38(1)—Pleadings—Damages—Exemplary Damages.**

A separate statement of grounds for exemplary damages is not another cause of action, and it is not necessary to state such grounds separately.

**6. Damages ☞151.**

It is a general rule that exemplary damages need not be specially pleaded and claimed, when malice is alleged and shown. To entitle one to such damages, however, he must set up distinctly in his complaint the elements that make up his cause of action therefor.

**7. Pleading ☞64(1)—Duplicity.**

In order to constitute duplicity, it must appear that more than one of the causes of action were relied upon as distinct grounds of recovery.

Donohoe & Dimond, of Valdez, and Jas. S. Truitt, of Anchorage, for plaintiff.

James Wickersham, of Juneau, and J. L. Waller, of Anchorage, for defendant.

RITCHIE, District Judge. In this case plaintiff sues the defendant on two counts for alleged damages growing out of a single transaction; the first count being for assault and battery, and the second for false imprisonment. Defendant's counsel demurs to the complaint upon several grounds. He

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

demurs to the jurisdiction, urging that the court has no juris-
diction of the person of the defendant or the subject of the
action, because it appears on the face of the complaint and in
each cause of action that the defendant, in the matter com-
plained of, was acting as a prohibition enforcement officer in
the employ of the United States under the orders of the Unit-
ed States collector of internal revenue, and therefore the col-
lector, or the United States, or both, should be made parties
to the suit. This point does not appear to me to be well tak-
en. The failure to join the collector or the United States as
defendant is not a failure of jurisdiction of the subject of the
action, but a defect of parties, if it is a defect at all. The sub-
ject of the action is an ordinary suit for damages, of which
this court has general jurisdiction. I cannot agree that the
complaint shows that the defendant was sued on account of
acts committed as a prohibition enforcement officer, but rather
that the acts alleged were lawless and outside his duties as
such officer. Paragraph II reads as follows:

"That during all the time in this complaint mentioned, and for more
than a year last past, the said defendant has been, and now is, an
officer of the United States, to wit, a prohibition enforcement officer,
in the territory of Alaska, and at the times hereinafter mentioned was
stationed at the town of Anchorage, Alaska, and performing the du-
ties of prohibition enforcement officer in the Third division, territory
of Alaska, with headquarters in said town of Anchorage."

Careful reading of this paragraph shows that, while it al-
leges that the defendant was a prohibition enforcement of-
ficer stationed at the town of Anchorage, and at the times
mentioned in the complaint was performing the duties of such
officer in the third division of Alaska, it does not specifically
allege that in his conduct at the time of the alleged assault and
imprisonment he was acting as such officer. Some statements
in the complaint might lead to that inference, but the fact is
not directly alleged. Furthermore, it is well settled that a
superior officer is not liable in a civil action for misconduct
or negligence on the part of a subordinate, except when the
superior is a party to the acts. 22 R. C. L. 487; 29 Cyc. 1445.
Both these authorities cite Robertson v. Sichel, 127 U. S. 507,
8 S. Ct. 1286, 32 L. Ed. 203. Robertson was collector of the
Port of New York, and through the negligence of subordi-
nates baggage belonging to Miss Sichel was lost. The Su-

preme Court held.that the collector was not liable. Mr. Justice Blatchford said:

"The subordinate who was guilty of the wrong, if any, would undoubtedly be liable personally for the tort; but to permit a recovery against the collector, on the facts of this case, would be to establish a principle which would paralyze the public service. Competent persons could not be found to fill positions of the kind, if they knew they would be held liable for all the torts and wrongs committed by a large body of subordinates, in the discharge of duties which it would be utterly impossible for the superior officer to discharge in person."

I am unable to find anything in the complaint which shows, as urged in the demurrer, that:

"There was probable cause for the defendant to believe, and he did believe, that the plaintiff was, at the time alleged, about to commit or was then actually engaged in committing a crime in the presence of defendant."

The complaint alleges that plaintiff was standing quietly on the street, talking to another man, when the defendant assailed him with insulting language, struck him with a billy, and detained him against his will for 20 minutes.

The demurrer to the jurisdiction is not well taken on any ground, in my opinion.

A more difficult question is presented in the demurrer by the contention that another action is pending between the same parties for the same cause, as shown in each of the counts, to wit, in the other count; also that several causes of action have been improperly united. This contention is based upon the fact that both causes of action rest upon the same transaction. In nearly all the Code states, causes arising out of the same transaction may be united in the same suit. This provision is missing from the California and Oregon Codes, but the Supreme Court of California at an early date held that causes arising out of the same transaction might be united, although no express provision of the Code allowed it, and that rule has always been followed in the other Pacific States and Alaska. In 1923 the Alaska Legislature made specific provision for such joinder.

The contention that several causes of action are improperly united in the second cause of action cannot be sustained. If the statement contains a defect, it is duplicity, and not misjoinder. While it is not distinctly stated in the demurrer, I assume that reference is made to the fact that in the second

cause of action plaintiff repeats the allegations of the first cause, charging assault and battery, and then further alleges that at the same time and place defendant "searched plaintiff's person and subjected plaintiff to many other indignities and humiliations." It proceeds further to charge that defendant forcibly detained, restrained, and imprisoned plaintiff for 20 minutes. I suppose counsel means to urge that in this statement plaintiff sets forth his right of action for assault and battery, as well as false imprisonment. I think it is plain that the allegations of injuries other than false imprisonment are set up by way of inducement, and as constituting aggravation of the false imprisonment, for which damages are asked. The prayer also asks damages only for false imprisonment. While it is true that the prayer is no part of the complaint, it can be resorted to, in order to make clear what might otherwise be obscure; and I think this is such a case. The difference between misjoinder and duplicity is fully discussed in Bliss on Code Pleading, §§ 288 to 292, inclusive. That other charges than the one stated as the basis of an action may be alleged as aggravation is held in Bahr v. Boley, 85 Hun, 448, 32 N. Y. S. 881. The syllabus reads as follows:

"A complaint for trespass in ejecting plaintiff from his land, which further alleges that defendant 'maliciously, and without cause, caused the plaintiff to be arrested and taken through the public streets * * * to a station house, in charge of a policeman in uniform, and from said station house to a police magistrate, who discharged him,' states but one cause of action, the arrest of plaintiff being alleged merely as an aggravation of the trespass sued for."

If the demurrer means to point out as a misjoinder the fact that an allegation of malice as a basis for exemplary damages is stated in a separate paragraph, the point is not well taken. I think it would have been better pleading, and it is the usual course, to allege in the general statement the grounds for exemplary damages, and ask for an amount in one sum sufficient to cover both actual and exemplary damages; but it is not a fatal error to state them separately. In 8 R. C. L. 627, I find this:

"A separate statement of grounds for exemplary damages is not another cause of action, and it is not necessary to state such grounds separately."

In the same paragraph, on page 626, is the following statement:

"It is a general rule that exemplary damages need not be specially· pleaded and claimed, when malice is alleged and shown. To entitle one to such damages, however, he must set up distinctly in his complaint the elements that make up his cause of action therefor."

Bliss on Code Pleading says in section 292:

"In order to constitute duplicity, it must appear that more than one of the causes of action were relied on as distinct grounds of recovery; hence, if the pleading contains a statement of facts showing that the plaintiff has another cause for his action, but alleges by way of strengthening his case, or as showing matter of inducement or aggravation, it does not make his pleading double, when it is apparent that he does not rest his claim to recover upon it."

Defendant also sets up the general demurrer against both causes of action, but I think the complaint is sufficient against that. It can hardly be regarded as a model of pleading. It contains some surplusage, some evidence, and some needless repetitions; but it makes clear allegations of ultimate facts among the surplusage, constituting a cause of action in each count.

The demurrer is overruled, and defendant allowed 30 days to plead further.